Rohan, J.
(concurring). I concur in the determination that this case be set down for trial on May 25, 1961.
This court acquired jurisdiction of the subject matter and the person of the defendant. On July 27, 1960, defendant after being duly served with a summons and complaint appeared in this court with counsel, denied paternity, moved for and was granted an order for a blood-grouping test, and in the discretion of the court was paroled for trial on October 14, 1960. Thereafter the trial was adjourned several times and was given a preference and marked peremptorily against defendant for trial on April 14,1961.
On April 14, 1961, defendant failed to appear for trial and a bench warrant was ordered with bond fixed in the sum of $1,000.
Upon an oral motion made by complainant’s attorney, for the holding of an inquest, decision was reserved.
Since then a formal motion now before this court has been made requesting that an order be made directing defendant to appear for trial and that the trial be held on the date fixed, even though defendant elects to not appear.
In the moving papers, complainant recites that upon joinder of issue, demand was made for a direction by the court that defendant be required to post the undertaking called for under *384 section 65 of the New York City Criminal Courts Act. The court at that time did not require such undertaking or direct that in lieu thereof defendant be committed to answer the complaint, but in its discretion placed the defendant on parole. On this motion, the answering affidavit of defendant’s counsel makes no denial of the aforesaid but merely recites that defendant was sent a notice advising him of the default, the direction that a warrant issue, and the fixation of an undertaking. Such notice was sent by certified mail which was not returned as undelivered. In this feature of this case, there is somewhat of an analogy to the situation passed upon in Duerr v. Wittmcmn (5 A D 2d 326).
It seems to me that this court cannot be divested of jurisdiction to make an effective determination of the complaint herein through the simple device of defendant violating his parole and electing to remain away from the trial.
Therefore, I join in the determination that this defendant should be formally served with an order directing his appearance for trial on May 25, 1961 and with a further recitation in said order that upon defendant’s failure to appear on such date the trial will proceed and evidence will be taken in his absence, so that a final determination may be made either dismissing the petition or adjudicating an order of filiation and fixing an award for the support of the child.
Silver, J., concurs; Rohan, J., concurs with opinion.